# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASON B. GUIDRY,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

Case No. 19-CV-1324-JPS

**ORDER**

    Petitioner Jason B. Guidry ("Guidry") was charged on March 19, 2013 in a sixteen-count superseding indictment with numerous drug and sex trafficking offenses. *United States v. Jason B. Guidry*, 13-CR-16-JPS (E.D. Wis.) (Guidry's "Criminal Case"), (Docket #17). He pleaded guilty to just four counts: three for Interstate Travel for Purposes of Prostitution, in violation of 18 U.S.C. § 2421, and one for Possession with Intent to Distribute a Controlled Substance (heroin, cocaine, and crack cocaine), in violation of 18 U.S.C. §§ 841(a)(1) & (b)(1)(C). *Id.*, (Docket #106). On February 19, 2015, Guidry was sentenced to nearly twenty-five years' imprisonment. *Id.*, (Docket #133). Guidry appealed on various grounds not relevant to this action. The Court of Appeals affirmed on all issues save for its concerns with certain conditions of supervised release. *Id.*, (Docket #162). This Court entered an amended judgment in accordance with that mandate on October 12, 2017. (Docket #184).

    On September 12, 2019, Guidry filed a motion pursuant to 28 U.S.C. § 2255 to vacate his convictions in the amended judgment. (Docket #1). That motion is now before the Court for screening:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings.

The Court begins by addressing the timeliness of Guidry's motion. Section 2255(f) provides that there is a one-year limitations period in which to file a motion seeking Section 2255 relief. That limitations period runs from the date on which the judgment of conviction becomes final. "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (internal citations omitted). Though the original judgment was entered almost five years ago, it was subject to Guidry's appeal for most of that time. It was then partially vacated and re-issued in an amended judgment. The amended judgment was in turn appealed, and Guidry's instant motion comes within a year of the dismissal of that appeal. This timeline makes it unclear whether Guidry's motion should be considered timely, and so the Court leaves it to the government to raise a statute of limitations argument in their response, should one be appropriate.

The Court turns next to procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court

was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that Guidry did not raise at trial or on direct appeal are procedurally defaulted and he cannot raise them. *See Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

There are two exceptions to this rule. First, claims of ineffective assistance of counsel may be raised for the first time in a Section 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Second, Guidry may raise claims on which he otherwise procedurally defaulted if he demonstrates that there was cause for his failure to raise a claim earlier and that the failure has actually prejudiced him. *Torzala*, 545 F.3d at 522 (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

Guidry raises three grounds for relief. First, he argues that he is actually innocent of one count of conviction in light of testimony adduced at his sentencing hearing. (Docket #1 at 6–7). Though "actual innocence" is not a claim for relief in itself, *Lund v. United States*, 913 F.3d 665, 668 (7th Cir. 2019), Guidry presents his arguments through the lens of ineffective assistance of counsel and an unintelligent guilty plea. (Docket #1 at 6–7). Second, Guidry asserts that he was afforded ineffective assistance of counsel when his attorney failed to object to him receiving a sentence enhancement on an allegedly vague statute. *Id.* at 7. Finally, Guidry states a final ineffective assistance claim based on the lack of objection to various inaccurate or false factual bases for his sentence. *Id.* at 8. The Court believes that at least some of these grounds could be procedurally defaulted. As

before, however, it will wait for further briefing before dismissing any grounds on that basis.

Finally, while the Court certainly has doubts about the claims, it is not "plainly app[arent] from the motion…that [Guidry] is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. The Court therefore declines to dismiss his motion at this early stage. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, because the Court has not dismissed the case in its entirety, it "must order the United States Attorney to file an answer, motion, or other response within a fixed time…." Accordingly, the Court will direct the government to file an answer to Guidry's petition or appropriate motion not later than **December 4, 2019**. If the government files an answer, then Guidry must file his reply, *see* Rule 5(d) of the Rules Governing § 2255 Proceedings, not later than **January 3, 2020**. Likewise, if the government files a motion in lieu of an answer, Guidry will have until **January 3, 2020**, to file his response, and the government may reply thereto on or before **January 21, 2020**.

The Court will also deny as moot Guidry's motion to proceed *in forma pauperis*. (Docket #3). Section 2255 movants do not owe any filing fees.

Accordingly,

**IT IS ORDERED** that, on or before **December 4, 2019**, the government shall file an answer to Petitioner's motion to vacate (Docket #1), or other appropriate motion;

**IT IS FURTHER ORDERED** that Petitioner shall file a response to the government's submission not later than **January 3, 2020**;

**IT IS FURTHER ORDERED** that, if the government files a motion in lieu of an answer, it may file a reply brief to Petitioner's response not later than **January 21, 2020**; and

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* (Docket #3) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 4th day of November, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge